The STATE of Ohio, Appellee,

v.

RILEY, Appellant.

[Cite as *State v. Riley,* 184 Ohio App.3d 211, 2009-Ohio-3227.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–08–025.

Decided June 30, 2009.

Raymond Fischer, Wood County Prosecuting Attorney, and Gwen Howe–Gebers, Assistant Prosecuting Attorney, and Jacqueline M. Kirian, Assistant Prosecuting Attorney, for appellee.

James F. Schaller II, for appellant.

PIETRYKOWSKI, Judge.

{¶ 1} After a jury trial in September 2003 in the Wood County Court of Common Pleas, Gerald Riley, appellant, was convicted of aggravated burglary, a violation of R.C. 2911(A)(1) and a first-degree felony. He appealed his conviction and sentence to this court. In a decision and judgment entry issued on March 2, 2007, in *State v. Riley*, 6th Dist. No. WD–03–076, 2007-Ohio-879, 2007 WL 625898, we affirmed the conviction for aggravated burglary but reversed the sentence on both imposition of a ten-year term of imprisonment and restitution. We remanded the case for resentencing under *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, and for rehearing on the issue of restitution to the victims of the aggravated robbery.

{¶ 2} On remand, the trial court conducted an evidentiary hearing on restitution and a resentencing hearing on February 22, 2008. The trial court issued a judgment, journalized on February 25, 2008, sentencing appellant to incarceration for ten years and ordering appellant to pay $15,000 to the Ohio Department of Rehabilitation and Corrections as restitution. In a judgment entry filed on February 29, 2008, the trial court also ordered appellant to pay the victims of his crime, Juan and Terry Delgado, restitution in the amount of $38,766.69.

{¶ 3} Appellant filed a notice of appeal to this court as to both judgments. He asserts three assignments of error on appeal:

{¶ 4} "Assignments of Error

{¶ 5} "I. The trial court erred in imposing sentence upon appellant by failing to comply with the mandatory provisions of R.C. 2929.19. Sentencing Hearing Tr., 25–26 (February 22, 2008); Judgment Entry on Sentencing (February 25, 2008).

{¶ 6} "II. The trial court erred in imposing restitution as there was no credible evidence that certain items of claimed loss were the direct and proximate effect of

the offence [sic] for which appellant was convicted. Sentencing Hearing Tr., 3–15 (February 22, 2008).

{¶ 7} "III. The trial court erred in imposing restitution as it failed to make its order in open court and failed to consider appellant's ability to pay. Sentencing Hearing Tr. (February 22, 2008); Judgment Entry on Restitution (February 29, 2008)."

{¶ 8} Appellant was originally sentenced in 2003 under Ohio's sentencing scheme that existed prior to *State v. Foster*. He argued in his original appeal that his sentence for the statutory maximum prison term of ten years violated his Sixth Amendment right to a jury trial because the sentence was based upon findings of fact by the trial court. Based upon the intervening decision in *State v. Foster*, we vacated the 2003 sentence and remanded the case for resentencing under Ohio's sentencing laws as modified by *Foster*. Resentencing after remand due to Foster requires "a sentencing hearing de novo." *State v. Mathis*, 109 Ohio St.3d 54, 846 N.E.2d 1, 2006-Ohio-855, ¶ 37.

{¶ 9} The trial court did not discuss postrelease control at the resentencing hearing on remand. Consequently, the trial court did not notify appellant that he would be subject to supervision under postrelease control after he was released from prison or of the authority of the parole board to impose a prison term "of up to one-half of the stated prison term originally imposed"[1] for failing to comply with the conditions of postrelease control.

{¶ 10} Under assignment of error No. I, appellant argues that the failure constitutes a violation of R.C. 2929.19(B)(3)(c) and (e) and, under *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, renders the sentence void, requires that the sentence be vacated, and also requires that the case be remanded to the trial court for resentencing. The state agrees.

{¶ 11} Under *State v. Jordan*, a sentence that fails to provide notice of postrelease control as required under R.C. 2929.19 is void. Id. at paragraphs one and two of syllabus. The remedy for failure to provide statutory notice of postrelease control is to vacate the sentence and to remand the case to the trial court for resentencing. *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 6; *State v. Jordan* at paragraph two of syllabus. The resentencing, on remand, is to be conducted on a de novo basis. *State v. Bezak* at ¶ 6. The resentencing hearing is to be conducted "as if there had been no sentence." Id. at ¶ 13.

{¶ 12} Appellant also claims under assignment of error No. I that the trial court failed to comply with R.C. 2929.19 in other respects and also failed to

---

1. R.C. 2929.19(B)(3)(e).

comply with the requirements of Crim.R. 32 at resentencing. The state has argued in response that it is unnecessary to address these other claimed errors because it is agreed that appellant's sentence must be vacated and the case remanded for a de novo sentencing hearing because of a violation of R.C. 2929.19(B)(3)(c) and (e).

{¶ 13} We have, however, previously ordered remand of this case for resentencing, and at least some clarification is necessary as to procedure if we are to remand for resentencing again. The resentencing procedure applicable on remand of criminal cases for resentencing under *State v. Foster* was explained by the Ohio Supreme Court in *State v. Mathis.* On remand, a trial court is to conduct a sentencing hearing de novo.

{¶ 14} "R.C. 2929.19 provides that '[t]he court shall hold a sentencing hearing before imposing a sentence * * * and before *resentencing* an offender who was convicted of or pleaded guilty to a felony and whose case was remanded.' (Emphasis added.) The court 'shall consider the record,' any information presented at the hearing, any presentence investigation report, and any victim-impact statement. It thus appears that any case that is remanded for 'resentencing' anticipates a sentencing hearing de novo, yet the parties may stipulate to the existing record and waive the taking of additional evidence." (Footnotes omitted.) *Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, at ¶ 37.

{¶ 15} As we discussed in *State v. Hofmann,* 6th Dist. No. E–03–057, 2004-Ohio-6655, 2004 WL 2848938, ¶ 10, a resentencing hearing on remand is to be complete and include all applicable procedures: "When a case is remanded for resentencing, the trial court must conduct a complete sentencing hearing and must approach resentencing as an independent proceeding complete with all applicable procedures. *State v. Bolton* (2001), 143 Ohio App.3d 185, 188–189, 757 N.E.2d 841. See, also, *State v. Steimle,* 8th Dist. Nos. 79154 and 79155, 2002-Ohio-2238, 2002 WL 973076, at ¶ 14; R.C. 2929.19(A)(1)."

{¶ 16} While we acknowledge that the trial court permitted appellant to make a lengthy statement at the resentencing hearing before proceeding to impose sentence on remand, the trial court did not conduct a complete de novo resentencing hearing with all applicable procedures. In addition to the failure to provide notice of postrelease control as addressed under assignment of error No. I, the trial court failed to provide the Crim.R. 32(B)(3)(a), (b), (c), and (d) notifications relating to right to appeal after imposing sentence.

{¶ 17} We recognize that in further proceedings on remand from this judgment, the parties "may stipulate to the existing record and waive the taking of additional evidence." *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, at ¶ 37. We direct, however, that the resentencing hearing on remand

otherwise is to be conducted de novo, as if appellant had not been previously sentenced for the offense, and that the sentencing hearing be conducted in accordance with the procedures set forth in R.C. 2929.19 and Crim.R. 32.

{¶ 18} We find assignment of error No. I well taken.

{¶ 19} Under assignment of error No. II, appellant claims that the trial court erred in its judgment ordering payment of $38,766.69 as restitution to Juan and Terry Delgado, the victims of appellant's crime. Appellant asserts that competent and credible evidence is lacking to establish a direct, proximate relationship between the aggravated burglary and certain losses claimed by the Delgados. He specifically objects to any award of restitution for medical and hospital expenses incurred in treatment of Juan Delgado for a heart attack that occurred days after the aggravated burglary. He claims that there is no evidence that the heart attack was directly and proximately caused by the aggravated burglary.

{¶ 20} In our decision and judgment in this case of March 2, 2007, 2007-Ohio-879, we noted that there was no evidence in the record of the monetary value of the items for which restitution was awarded. Due to. a lack of competent and credible evidence in the record to support the amount of the court-ordered restitution, we reversed the judgment for restitution and remanded the case with instructions for the trial court to conduct another hearing on restitution.

{¶ 21} Upon remand, the trial court conducted an evidentiary hearing on restitution. Terry Delgado testified that her husband, Juan, suffered a heart attack shortly after the offense. Appellant's own counsel at the hearing stated specific dates. He advised the court that the burglary occurred on July 9 and that the heart attack occurred on July 22, 13 days later.

{¶ 22} Terry Delgado testified concerning state exhibit 1. The exhibit is a composite exhibit of receipts for rings stolen in the aggravated burglary, medical and hospital bills for the couple's medical treatment for injuries immediately after the incident, and additional medical and hospital bills for treatment of Juan Delgado for the heart attack.

{¶ 23} Terry Delgado described their physical injuries. Her husband, Juan, had "cuts to his finger, a bruise, and beatings, shoe prints on his back where he had been hit so hard the prints stayed embedded in his back." She testified that they were told that the subsequent heart attack was "due to the substantial beating that he [Juan] took from his back, that the back wall of his heart had been damaged." She testified that medical bills from two hospitals for treatment of the heart attack totaled over $30,000. Terry Delgado also testified to damage to furniture and that her husband, Juan, missed "pretty much a whole summer's work" due to his injuries.

{¶ 24} Juan Delgado testified, "[I was] hit in the head, side of the head, kicked in the back, struggled. They tried to cut my finger off with a knife." He testified that he was hospitalized due to the incident and subsequently had "more or less" a heart attack and was told that the heart attack was from the beating to his back. Juan Delgado denied that he had any prior heart condition.

{¶ 25} The evidence at trial disclosed that a group of four men entered the Delgados' home screaming and demanding money. They demanded to know where the money was. When the Delgados responded that they had no large sum of money, they were repeatedly beaten and kicked by the men. The beating and kicking continued as the group persisted, demanding next to know where the safe was. The Delgados had no safe. It continued when they demanded a key to the garage and again when the men failed to find money in the garage. The men became enraged because they could not find what they wanted. The men kept kicking and hitting Juan Delgado until he began to lose consciousness. At trial, Juan Delgado testified that doctors told him that there was bruising to his back where his heart is and that it was caused by the beating.

{¶ 26} In its judgment imposing the obligation to pay restitution to the Delgados, the trial court listed 27 different items of economic loss. The itemization lists payments to hospitals and physicians separately by name and amount. It also lists by item and amount the costs of emergency repairs to the Delgados' trailer, itemized losses for specific jewelry stolen, and costs of repairs to two pictures. These identified expenses and losses total the sum of $38,766.69. In its judgment on restitution, the trial court found that $38,766.69 was the "economic loss suffered by the victims as a direct result of the commission of the offense."

{¶ 27} We discussed the required proof to support an order of restitution in the earlier appeal: "In an order of restitution, the amount of restitution must bear a reasonable relationship to the loss suffered. *State v. Marbury* (1995), 104 Ohio App.3d 179, 181[, 661 N.E.2d 271]; see, also, R.C. 2929.18(A)(1). Thus, it is held that restitution is limited to the actual loss caused by the defendant's criminal conduct for which he was convicted. *State v. Brumback* (1996), 109 Ohio App.3d 65, 82[, 671 N.E.2d 1064]. There must be competent and credible evidence in the record from which the court may ascertain the amount of restitution to a reasonable degree of certainty. Id. at 83[, 671 N.E.2d 1064]; *State v. Warner* (1990), 55 Ohio St.3d 31, 69, 564 N.E.2d 18." *State v. Riley,* 2007-Ohio-879, 2007 WL 625898, at ¶ 45.

{¶ 28} Evid.R. 101(C)(3) specifically provides that the Ohio Rules of Evidence, other than with respect to privileges, do not apply to miscellaneous criminal proceedings including sentencing. *State v. Cook* (1998), 83 Ohio St.3d 404, 425, 700 N.E.2d 570; Evid.R. 101(C)(3). Ohio appellate courts have ruled that

because the rules of evidence do not apply to sentencing, they also do not apply to evidentiary hearings concerning restitution by offenders to victims of crimes. *State v. Potts*, 7th Dist. No. 07 HA 4, 2008-Ohio-643, 2008 WL 435005, ¶ 11; *State v. Tuemler*, 12th Dist. No. CA2004–06–068, 2005-Ohio-1240, ¶ 17. Accordingly, the fact that the medical opinion evidence relating the heart attack to the beating is hearsay is not determinative.

{¶ 29} We have reviewed the record, including the trial transcript and the evidentiary hearing on restitution, and given the evidence of severity of the beating to Juan Delgado's back, shortness in time between the beating and the heart attack, and physician hearsay as to the relationship between the beating and the heart attack, we conclude that there was competent and credible evidence in the record supporting the trial court's determination that hospital and medical expenses incurred in treatment of the heart attack were incurred as a direct and proximate result of the commission of the aggravated burglary. The evidence in the record establishes the amount of the economic loss caused by the aggravated burglary to a reasonable degree of certainty.

{¶ 30} We conclude that appellant's assignment of error No. II is not well taken.

{¶ 31} Under assignment of error No. III, appellant asserts that the trial court erred in two respects: first, in failing to issue its restitution order in open court and, secondly, in failing to consider appellant's ability to pay before ordering restitution. The requirement to issue a restitution order in open court is based upon R.C. 2929.18(A)(1). The statute provides: "If the court imposes restitution, the court shall order that the restitution be made to the victim in open court * * *." R.C. 2929.19(B)(6). The state agrees that the trial court erred in failing to make its restitution order in open court and that remand is necessary to permit the trial court to issue the order in open court.

{¶ 32} As to ability to pay, R.C. 2929.19(B)(6) provides: "Before imposing a financial sanction under section 2929.18 of the Revised Code or a fine under section 2929.32 of the Revised Code, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." Restitution to victims is a financial sanction authorized by R.C. 2929.18(A)(1).

{¶ 33} This court has held that R.C. 2929.19(B)(6) requires a trial court to consider a defendant's present or future ability to pay restitution before ordering it. *State v. Heyman*, 6th Dist. No. S–04–016, 2005–Ohio 6244, 2005 WL 3120244; *State v. Lesure*, 6th Dist. No. L–02–1157, 2004-Ohio-3454, 2004 WL 1468532, ¶ 26. As there is no evidence in the record that the trial court made any determination of appellant's present or future ability to pay restitution before ordering it, the order of restitution must be vacated and the case remanded for

rehearing on the issue of restitution to the victims. Accordingly, we find appellant's assignment of error No. III well taken due to both the failure of the trial court to consider appellant's present and future ability to pay restitution before ordering it and the trial court's failure to issue its order of restitution in open court.

{¶ 34} For the foregoing reasons, the trial court's judgment imposing a sentence of imprisonment of ten years' incarceration is reversed, and the matter is remanded to the trial court for resentencing, de novo. The trial court's judgment ordering appellant to pay the victims of his crime the sum of $38,766.69 is reversed and remanded to the trial court for an evidentiary hearing to consider appellant's present and future ability to pay restitution. Should the trial court, after conducting the hearing on restitution on remand, order payment of restitution by appellant to the victims of the aggravated burglary, the trial court shall make the restitution order in open court.

{¶ 35} The Wood County Court of Common Pleas resentencing order is affirmed in part and reversed in part as set forth above. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed in part
and reversed in part.

HANDWORK and OSOWIK, JJ., concur.