JOURNAL ENTRY and OPINION
{¶ 1} A jury found defendant Jose A. Bruno guilty of felonious assault and vandalism. The issues raised in this appeal from those convictions relates to the weight of the evidence on two aspects of the vandalism count.
 {¶ 2} The parties have correctly cited us to the applicable law relating to our standard of review for issues on the weight of the evidence. That law is as well-known to us as it is to the parties, and an extended recitation of that law would serve no purpose. We thus proceed directly to analyzing the evidence.
 {¶ 3} We find that the jury did not lose its way by finding credible evidence to establish the vandalism charge. The state showed that Bruno (known as "Big Jose") and his brother, Jose E. (known as "Little Jose"), along with several others, entered a bar and attacked a disc jockey and damaged his equipment. As Bruno recognizes in his brief, a number of the state's witnesses specifically identified him as one of the attackers. The victim knew Bruno to have dated one of his relatives, and was well-acquainted with him. The victim testified that "I remember seeing Big Jose flipping over the table and after got my head kicked in where I got the staples I was in and out and in an out so I do remember Big Jose raising the table up because he was trying to get at me * * *." (Sic.) The table referenced in the victim's testimony held sound equipment used by the victim. The victim's wife likewise identified Bruno as having "walked over to the table and grabbed the corner of it and just flipped it and everything."
 {¶ 4} We find the court did not establish to a "reasonable certainty" the amount of restitution. The court originally ordered Bruno and his brother to split restitution to the victim in the amount of $6,000. When reminded that the brother had not been convicted of vandalism, the court then ordered that Bruno bear the entire cost of restitution. The court did so over defense counsel's objections as to the actual value of the destroyed equipment. During trial, the victim's wife testified that the equipment cost $12,000, yet at sentencing the court said that she had produced receipts showing that the equipment had been purchased for $6,000. This evidence is too conflicting to be considered reasonably certain.
 {¶ 5} Our doubts about the amount of damage to the equipment are heightened by the wife's trial testimony that they went back to work "one more night" after the incident. They were thereafter not retained for disc jockey work "because of what happened and [the owner of the bar] could not guarantee the safety of her customers in the bar after what happened." Her testimony implies that they had the equipment to do the job, but were considered a liability to the bar after the fight.
 {¶ 6} We therefore sustain the assignment of error in part and remand that part of the sentence relating to restitution for reconsideration by the court.
 {¶ 7} Affirmed in part and remanded in part for resentencing.
 {¶ 8} It is ordered that appellee recover of appellant its costs herein taxed.
 {¶ 9} The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Rocco, J., concur.