[Cite as *State v. Sheets*, 2018-Ohio-996.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 17 CA 44 |
| MATTHEW D. SHEETS | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal Appeal from the Court of Common
                                                          Pleas, Case No.  16 CR 00613


JUDGMENT:                                        Reversed in Part and Remanded


DATE OF JUDGMENT ENTRY:         March 15, 2018


APPEARANCES:

For Plaintiff-Appellee                           For Defendant-Appellant

CLIFFORD J. MURPHY                       ELIZABETH E. OSORIO
ASSISTANT PROSECUTOR               LAW OFFICE OF BRIAN JONES
20 North Second Street                      35 North Sandusky Street
4th Floor                                              Suite 200
Newark, Ohio  43055                          Delaware, Ohio  43015

*Wise, P. J.*

{¶1} Defendant-Appellant Matthew D. Sheets appeals the sentencing portions of his conviction, in the Court of Common Pleas, Licking County, on counts of receiving stolen property and aggravated drug possession. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2} On or about April 6, 2016, officers from the Licking County Sheriff's Office and the CODE Task Force executed a search warrant at appellant's residence in Hanover Township. The officers located, among other things, a Ford F-450 truck, a Polaris RZR all-terrain vehicle, and portions of a 2010 Harley-Davidson motorcycle, all apparently the property of Kenneth Casada. All of these items were confirmed to have been stolen.

{¶3} Based on the search and ensuing investigation, the Licking County Grand Jury indicted appellant on October 27, 2016 on three counts of receiving stolen property (motor vehicle), R.C. 2913.51(A)(C), all felonies of the fourth degree, based on appellant's possession of the aforesaid Ford truck, the RZR, and the Harley-Davidson. Appellant was also indicted on one count of aggravated possession of drugs (methamphetamine), R.C. 2925.11(A)(C)(1)(a), a felony of the fifth degree.

{¶4} Appellant thereafter entered pleas of not guilty to all of the above counts. Appellant also filed a motion for treatment in lieu of conviction under R.C. 2951.041. However, following a hearing on May 25, 2017, with appellant represented by defense counsel, the trial court determined appellant was not suitable for same.

{¶5} A change of plea and sentencing hearing also went forward on May 25, 2017. The trial court first duly engaged in a plea colloquy with appellant. After appellant acknowledged he had reviewed discovery, stated he understood his rights, expressed

that he was aware the trial court could impose financial sanctions, and entered his pleas of guilty to all four charges in the aforesaid indictment, the State provided a factual basis to the court regarding the charges. Tr. at 9-11. Appellant via counsel suggested to the trial court that restitution to two of his theft victims, Michael Tonn and Rodney Simpson, were not part of the plea negotiations. Tr. at 20. The trial court orally expressed its position that a plea to an indictment, without any recommendation for sentencing, is not a plea agreement. Tr. at 22. The State also advised the court that appellant and Casada had worked out compensation for Casada's stolen property via payment in kind, and that restitution for Casada was not an issue. Tr. at 16. After additional discussion with counsel, the court indicated it would decide the remaining issues of restitution then and there, at the sentencing hearing. Tr. at 22.

{¶6} The trial court proceeded to place appellant on three years of community control and ordered restitution owed to victim Michael Tonn in the amount of $21,650.00 and to victim Rodney Simpson in the amount of $1,924.98. Appellant was also fined $2,500.00.

{¶7} Appellant filed a notice of appeal on June 26, 2017. He herein raises the following three Assignments of Error:

{¶8} "I. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION BY CONSIDERING EVIDENCE DEHORS THE RECORD; RESULTING IN THE IMPOSITION OF A SENTENCE THAT IS UNSUPPORTED BY THE RECORD AND CONTRARY TO LAW.

{¶9} "II. THE TRIAL COURT PERPETRATED A VIOLATION OF THE APPELLANT'S RIGHT TO DUE PROCESS AS GUARANTEED BY THE FIFTH AND

FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ART. I. SEC. 16 OF THE OHIO CONSTITUTION AND RIGHT TO CONFRONT WITNESSES AGAINST HIM AS GUARANTEED BY THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION AND ART. I. SEC. 10 OF THE OHIO CONSTITUTION.

**{¶10}** III. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN DECLINING TO SET A HEARING ON RESTITUTION WHEN THE STATE ADMITTED IT HAD NOT SUBPOENAED WITNESSES NOR PREPARED DOCUMENTATION IN SUPPORT OF ITS RESTITUTION REQUEST, AND THE DEFENDANT-APPELLANT OBJECTED TO THE RESTITUTION AMOUNT AS CONTEMPLATED BY R.C. 2929.18."

III.

**{¶11}** In his Third Assignment of Error, which we find dispositive of this appeal, appellant contends the trial court abused its discretion in declining to conduct a hearing on the issue of restitution. We agree.

*Standard of Review*

**{¶12}** R.C. 2929.18(A) states in pertinent part that "[e]xcept as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section * * *." R.C. 2929.18(A)(1) sets forth that restitution is one such sanction.

**{¶13}** Ohio appellate courts no longer review sentences pursuant to the standard set forth in *State v. Kalish,* 120 Ohio St. 3d 23, 2008–Ohio–4912, 896 N.E.2d 124. *See State v. Cox*, 5th Dist. Licking No. 16-CA-80, 2017-Ohio-5550, ¶ 9. We now review felony sentences using the standard of review set forth in R.C. 2953.08. *See State v. Marcum*,

146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶ 22. Thus, in essence, we may increase, reduce, modify a sentence, or vacate and remand for resentencing if we clearly and convincingly find that the record does not support the sentencing court's statutory findings, if applicable, or the sentence is contrary to law. *State v. Theodorou*, 8th Dist. Cuyahoga No. 105630, 2017-Ohio-9171, ¶ 7, citing R.C. 2953.08(G)(2).

**{¶14}** Accordingly, some Ohio appellate districts have concluded that restitution orders should be reviewed on appeal using the same standard of review as with any typical sentencing issue. For example, the Second District Court of Appeals has held: "[I]nstead of applying an abuse of discretion standard, as we have previously done in restitution cases prior to *Marcum*, the proper standard of review for analyzing the imposition of restitution as a part of a felony sentence is whether it complies with R.C. 2953.08(G)(2)(b), *i.e.*, whether it is clearly and convincingly contrary to law." *State v. Becraft*, 2nd Dist. Clark No. 2016-CA-9, 2017-Ohio-1464, ¶18, citing *State v. Geldrich*, 12th Dist. Warren No. CA2015-11-103, 2016-Ohio-3400, 2016 WL 3257788, ¶ 6.

**{¶15}** However, we have continued, post-*Marcum*, to review restitution orders under an abuse of discretion standard. *See, e.g., State v. Cook*, 5th Dist. Fairfield No. 16-CA-28, 2017-Ohio-1503, ¶ 8; *State v. Andrews,* 5th Dist. Delaware No. 15 CAA 12 0099, 2016–Ohio–7389, ¶ 40. We also recently reiterated that an order of restitution must be supported by competent and credible evidence from which the trial court can discern the amount of restitution to a reasonable degree of certainty. *State v. Spencer*, 5th Dist. Delaware No. 16 CAA 04 0019, 2017-Ohio-59, ¶ 44 (citations omitted). Furthermore, a trial court abuses its discretion if it orders restitution in an amount that does not bear a reasonable relationship to the actual loss suffered. *Id.* (citations omitted).

*Restitution to Michael Tonn ($21,650.00)*

**{¶16}**   In *State v. Kreischer*, 5th Dist. Perry No. 03 CA 20, 2004-Ohio-6854, this Court cited *State v. Brumback* (1996), 109 Ohio App.3d 65, 82, 671 N.E.2d 1064, for the holding that restitution is limited to actual losses caused by a defendant's crime. We further recognized: "It is incumbent upon the state in seeking restitution in a criminal case to provide sufficient evidence to support such an award." *Kreischer* at ¶ 15. A trial court may determine the amount of restitution by reviewing the record, or if the evidence in the record is insufficient, the court must conduct an evidentiary hearing. *State v. Hoskinson*, 5th Dist. Tuscarawas No. 2007 AP 09-0055, 2008-Ohio-3897, ¶ 14. Similarly, where the trial court fails to determine by "a reasonable certainty" the amount of restitution, the matter should be remanded for additional review. *See, e.g., State v. Bruno,* 8th Dist. Cuyahoga No. 85009, 2005-Ohio-3830, ¶ 4. However, we remain mindful that the Rules of Evidence do not apply at restitution hearings.  *State v. Burgess,* 5th Dist. Stark No. 2013CA00070, 2013-Ohio-4691.

**{¶17}**   Appellant urges that in this instance neither the State nor the trial court established the nature of the property for which Mr. Tonn was being compensated, particularly in connection with the stolen items alleged in the indictment or the bill of particulars. The trial court, in ordering the restitution amounts for Mr. Tonn and Mr. Simpson, invoked to some extent its recollection of what had occurred in the co-defendant's criminal case, *State v. Ricki L. Hupp*, common pleas case number 2016-CR-00612.  *See* Tr. at 15, 18-19. Our review of the PSI report in the record provides no additional information clarifying the restitution figures ultimately accepted by the trial court.

**{¶18}** In response, the State argues that appellant failed to properly object to the restitution order or request a hearing pursuant to R.C. 2929.18(A)(1). Generally, "[i]f a defendant fails to object to the restitution order the court imposes, he forfeits any error in the court's order, save for a claim of plain error." *State v. Ford*, 9th Dist. Summit No. 26073, 2012–Ohio–1327, ¶ 6. *See, also, State v. Sharier*, 9th Dist. Summit No. 27421, 2015–Ohio–2629, ¶ 8.

**{¶19}** Technically speaking, appellant indeed failed to request a hearing as to the $21,650.00 restitution order, although his counsel did raise the objection that restitution should not be awarded as to Tonn's and Simpson's property because "[n]either of those charges were indicted." Tr. at 20. The assistant prosecutor stated that while he had not discussed the matter of restitution with defense counsel, "I guess the worst-case scenario if [defense] counsel wants to contest those matters, we'd ask that that part be set for hearing to have these folks come back in and testify ***." Tr. at 21, 22. However, the court abruptly responded that "[t]oday's the hearing" and made clear it would forthwith address restitution "at least with respect to Mr. Simpson and Mr. Tonn," thereby implicitly denying the request for an evidentiary hearing from the State. Tr. at 22.

**{¶20}** Under these circumstances, where the State indicated it would be amenable to a further hearing on restitution, and the trial court immediately curtailed the prospect of such a hearing, we find it would have been a vain gesture for appellant to have pressed for one. As such, we find the "plain error" rule of *Ford, supra*, herein inapplicable, and we need not relegate this matter to such an analysis. Instead, we find the proper remedy is to remand the issue of Mr. Tonn's restitution amount for an evidentiary hearing. *Bruno, supra*.

*Restitution to Rodney Simpson ($1,924.98)*

**{¶21}** During the sentencing hearing in the case *sub judice*, the State asserted as follows:

**{¶22}** "[ASSISTANT PROSECUTOR] MR. MURPHY: *** The residence [of appellant] itself had an operable video security system that was seized by law enforcement. They executed a search warrant on the system; 1,200 hours of recording on it. The property itself had a stolen 2000 Ford F-450 that is the property of Kenneth Casada; there was a 2001 Honda Civic Ex owned by Rodney Simpson that was stolen on the property; there was a Polaris Razor 900 Model year 2015, which was stolen and was on the property; there was a Harley Davidson motorcycle 2010, or the pieces that remained of it, stolen and on the property. * * *."

**{¶23}** Tr. at 10.

**{¶24}** Appellant's trial counsel at that point specifically took exception to the State's reference to Mr. Simpson's allegedly stolen Honda Civic, maintaining it was "not a part of Discovery and not listed as a charge count in the Bill of Particulars." Tr. at 10. The trial court then asked the assistant prosecutor if he had "[a]ny objection to that." Tr. at 11. He replied in the negative. *Id.* However, the assistant prosecutor also later advised the court that "there's a variety of stolen items that were on the property" and "[t]here is different property that was on there." Tr. at 21. In any event, the State did not specifically withdraw its pursuit of restitution regarding Mr. Simpson, and the trial court ultimately ordered same. Tr. at 14, 35.

**{¶25}** A trial court is authorized to order restitution by a felony offender to a crime victim in an amount based upon the victim's economic loss. *State v. Martin* (2000), 140

Ohio App.3d 326, 337, 747 N.E.2d 318; R.C. 2929.18(A)(1). Upon review, although the present record is murky as to whether Mr. Simpson was a direct victim of the proven offenses, at least as to the stolen Honda, in the interest of justice we will remand this issue for an evidentiary hearing as well. *Bruno, supra.*

### Conclusion

{¶26}   Appellant's Third Assignment of Error is therefore sustained. We will thus remand this matter for a hearing as to restitution regarding Mr. Tonn and Mr. Simpson, and, if necessary, the issuance of an amended final judgment entry.

### I., II.

{¶27}   Based on our previous determinations, we find the remaining arguments set forth in appellant's First and Second Assignments of Error are presently moot.

{¶28}   For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby reversed in part and remanded as to sentencing only.

By: Wise, P. J.

Hoffman, J., and

Baldwin, J., concur.

JWW/d 0205