[Cite as *State v. Hoy*, 2021-Ohio-4098.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Craig R. Baldwin, P.J.<br>Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 21 CAC 03 0013 |
| ANDREW D. HOY | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:       Appeal from the Delaware County
                                Municipal Court, Case No. 20CRB00901

JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         November 15, 2021

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

EMMA M. MIRLES-JONES                    ALICIA HARRIS
Mirles-Jones Law Office                 Assistant City Prosecutor
175 S. Sandusky Street, Suite #375      City of Delaware Prosecutor's Office
Delaware, Ohio 43015                    70 North Union Street
                                        Delaware, Ohio 43015

*Hoffman, J.*

{¶1} Defendant-appellant Andrew D. Hoy appeals the February 1, 2021 Judgment Entry on Restitution entered by the Delaware County Municipal Court, ordering him to pay restitution in the amount of $1,984.42, after he had entered a no contest plea to criminal damaging. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2} On July 15, 2020, Delaware County Sheriff's Deputy K. Griffith filed three complaints in the Delaware County Municipal Court, charging Appellant with assault, in violation of R.C. 2903.13(A), a misdemeanor of the first degree; criminal damaging, in violation of R.C. 2909.06(A)(1), a misdemeanor of the second degree; and disorderly conduct, in violation of R.C. 2917.11(A)(1), a misdemeanor of the fourth degree. Appellant entered not guilty pleas to the charges on July 24, 2020.

{¶3} On September 14, 2020, Appellant entered a plea of no contest to the criminal damaging charge. The criminal damaging charge arose from Appellant's scratching the full length of one side of Emily Olvera's car with a key. The state dismissed the assault and disorderly conduct charges. The trial court accepted Appellant's plea and found him guilty. The trial court scheduled a hearing on restitution and sentencing for September 18, 2020.

{¶4} The parties appeared for the scheduled hearing and discussed multiple issues. The trial court continued the hearing in order for the parties to brief the issues. The parties filed their respective briefs on October 5, 2020. The issues briefed included the amount of restitution, whether Appellant was entitled to an offset of Olvera's insurance deductible, and whether Olvera had to have her vehicle repaired prior to Appellant being

ordered to pay restitution. After continuances filed by both parties, the trial court conducted the hearing on December 18, 2020.

**{¶5}** At the hearing, Emily Olvera testified Appellant "keyed" her Honda Civic "from front bumper to end bumper all the way down." Transcript of Dec. 18, 2020 Hearing at 24. Olvera acknowledged the vehicle had old damage, "scratches and stuff on the bumper," caused by her grandmother, who was the previous owner. *Id*. She added the old damage was easily distinguishable from the damage caused by Appellant. The damage caused by Appellant was "a key mark going all the way across." *Id*. Olvera added, "I believe he started from the front end of the car and keyed the entire side to the bumper." *Id*. at 25.

**{¶6}** When Olvera brought the vehicle to the auto body shop for an estimate, she "showed them only where the key marks were, and I told them that's what the Court wanted to know." *Id*. at 27. The mechanic explained to Olvera "since the scratch is deep enough that he would have to take off the entire left side panels, like, the doors, the bumpers and everything to fix it." *Id*. at 26. Olvera reiterated the estimate she was given, in the amount of $1,984.42, was only for the key damage. *Id*. Olvera identified pictures of the vehicle depicting the damage done to her vehicle. Several times during her testimony, Olvera stated the vehicle damaged by Appellant was her vehicle.

**{¶7}** On cross-examination, defense counsel questioned Olvera regarding each line item on the estimate. Olvera had difficulty understanding and answering the majority of questions asked by defense counsel. When asked about the damage caused by her grandmother, Olvera noted the damage was "towards the back, not where -- . . . – the

scratch was." *Id.* at 40. On redirect examination, Olvera repeated the scratch caused by Appellant and the damage caused by her grandmother were "clearly different." *Id.* at 41.

**{¶8}** Olvera did not ask the mechanic to look for mechanical issues with the vehicle, adding she asked them to give her "a quote on the scratch…Only the scratch." *Id.* When asked to describe where the scratch started and where it ended, Olvera answered at "[t]he flat side near the headlight, the front headlight to the -- . . . – past my gas tank to the almost back bumper." *Id.* at 42.

**{¶9}** The trial court provided the parties with an opportunity to brief the issue of whether the rules of evidence apply to restitution hearings. On December 31, 2020, Appellant filed a written objection to the trial court's consideration of the testimony of Emily Olvera as well as the written estimate. Therein, Appellant asserted the state failed to demonstrate Olvera was the actual victim. Appellant maintained there was no evidence Olvera was the actual owner of the vehicle. The state filed its response on January 7, 2021.

**{¶10}** On February 1, 2021, Appellant appeared before the trial court for sentencing. The trial court sentenced Appellant to 90 days in jail with credit for 16 days time served. The trial court suspended the remaining 74 days and placed Appellant on probation for a period of one year. As terms of his probation, Appellant was ordered to have no contact with Olvera and complete an anger management course. The trial court ordered Appellant to pay restitution in the amount of $1,984.42, fines in the amount of $250.00, and court costs, but advised Appellant it would suspend the entire fine upon payment of restitution. The trial court memorialized Appellant's sentence via Judgment Entry filed February 1, 2021.

**{¶11}** Via Judgment Entry on Restitution also filed February 1, 2021, the trial court ordered Appellant to pay restitution to Olvera in the amount of $1,984.42. The trial court found Olvera was the victim, noting "she [was] designated in the complaint to which [Appellant] pled and was found guilty." Feb. 1, 2021 Judgment Entry at 2, unpaginated. The trial court found Olvera to be credible. The trial court admitted the estimate, finding such to be fair and credible.

**{¶12}** It is from these judgment entries Appellant appeals, raising the following assignments of error:

I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT IMPROPERLY SWITCHED THE BURDEN OF THE VICTIM TO ESTABLISH BOTH THE TYPE AND AMOUNT OF RESTITUTION TO BE PAID TO THE DEFENDANT IN VIOLATION OF R.C. 2929.28.

II. THE TRIAL COURT ABUSED ITS DISCRETION IN ALLOWING A LAYPERSON WITHOUT PERSONAL KNOWLEDGE ABOUT WHICH VEHICLE BODY PARTS NEEDED TO BE REPLACED, WHY THEY WERE NEED [SIC] OR HOW THE ESTIMATE FOR REPAIRS WAS COMPOSED WHEN THE WITNESS HAD NO KNOWLEDGE ABOUT THE ESTIMATE NOR COULD SHE IDENTIFY THE PARTS OF THE CAR THAT CORRESPONDED TO THE ESTIMATE.

III. THE COURT COMMITTED PLAIN ERROR WHEN IT REPEATEDLY REFERRED TO "ECONOMIC HARM" INSTEAD OF "ECONOMIC LOSS" WHEN EXPLAINING ITS RATIONALE FOR NOT

ALLOWING COUNSEL TO INQUIRE ABOUT MS. OLVERA'S ECONOMIC

LOSSES.  THIS ISSUE WAS PREVIOUSLY BRIEFED AS WELL.

      IV. THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. HOY

WHEN IT SENTENCED HIM TO PAY RESTITUTION BEFORE RULING

ON SEVERAL PENDING OBJECTIONS WHICH WERE BRIEFED IN

WRITING BUT HAD NO DECISION RENDERED IN VIOLATION OF

ARTICLE I SECTION 1, OF THE OHIO CONSTITUTION AND THE

FOURTEENTH      AMENDMENT      OF      THE      UNITED      STATES

CONSTITUTION.

### I.

**{¶13}**  In his first assignment of error, Appellant maintains the trial court abused its discretion by improperly placing the burden of establishing the type and amount of restitution on Appellant rather than on the victim.

**{¶14}**  R.C. 2929.28(A)(1) authorizes the trial court to order a defendant to pay restitution to the victim of a misdemeanor in an amount based on the victim's economic loss. The court may base the amount of restitution on, among other things, estimates indicating the cost of repairing or replacing property, so long as the amount ordered as restitution does "not exceed the amount of economic loss suffered by the victim as a direct and proximate result of the commission of the offense." R.C. 2929.28(A)(1).  If the court holds an evidentiary hearing on restitution, the victim has the burden to prove by a preponderance of the evidence the amount of restitution sought from the offender.  *Id.*

{¶15} "Economic loss" is defined as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any loss of income due to lost time at work because of any injury caused to the victim, any property loss, medical cost, or funeral expense incurred as a result of the commission of the offense." R.C. 2929.01(L).

{¶16} Appellant initially argues Olvera and the state failed to establish Olvera was the actual victim of the offense. We disagree.

{¶17} Appellant entered a plea of no contest to one count of criminal damaging.

{¶18} Crim. R. 11(B)(2) provides:

The plea of no contest is not an admission of defendant's guilt, *but is an admission of the truth of the facts alleged in the indictment, information, or complaint*, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding. (Emphasis added).

{¶19} By entering a plea of no contest, Appellant admitted the truth of the facts alleged in the complaint. Therefore, Appellant not only admitted he "did cause physical harm to the victim's car by using an unknown instrument to damage the paint," but also admitted Olvera was the victim as the complaint identified "Emily Brenna Olvera" as the victim. July 15, 2020 Criminal Complaint, Record at 1. Accordingly, we find the state did not fail to establish Olvera was the actual victim of the offense.

{¶20} Appellant further asserts, assuming Olvera was the "legitimate victim of criminal damaging, then she failed to provide credible evidence or testimony about any economic loss that she may have incurred and any amount [Appellant] should have to pay in restitution." Brief of Appellant at 5. Appellant adds, "Olvera failed to demonstrate she suffered any loss at all as the vehicle was not rendered unusable, nor had she attempted to repair the vehicle." *Id.* We disagree.

{¶21} Contrary to Appellant's assertion, we find Olvera proved by a preponderance of the evidence she was entitled to restitution in the amount of $1,984.42, for repairs to her vehicle. By pleading no contest, Appellant admitted he caused "physical harm to the victim's car by using an unknown instrument to damage the paint." Olvera identified the damage caused to her vehicle by Appellant and testified the estimate she received was to repair only the damage caused by Appellant. The fact the vehicle was not rendered unusable and the damage was only "cosmetic" does not negate the fact Olvera suffered an economic loss.

{¶22} Appellant's first assignment of error is overruled.

II

{¶23} In his second assignment of error, Appellant contends the trial court abused its discretion in allowing a layperson to testify regarding the estimate of repairs when the witness was without personal knowledge as to which vehicle parts needed to be replaced, why the replacements were needed, or how the estimate was calculated.

{¶24} We review restitution orders under an abuse of discretion standard. *State v. Sheets*, 5th Dist. Licking No. 17 CA 44, 2018-Ohio-996, ¶ 15. (Citation omitted); *State v. Andrews,* 5th Dist. Delaware No. 15 CAA 12 0099, 2016-Ohio-7389, ¶ 40. An order of

restitution must be supported by competent and credible evidence from which the trial court can discern the amount of restitution to a reasonable degree of certainty. *Sheets*, supra. (Citations omitted). Furthermore, a trial court abuses its discretion if it orders restitution in an amount that does not bear a reasonable relationship to the actual loss suffered. *Id.* (Citations omitted). The Rules of Evidence do not apply to hearings held to determine the amount of restitution. *Sheets*, supra, citing *State v. Burgess,* 5th Dist. Stark No. 2013CA00070, 2013–Ohio–4691; *State v. Estes*, 3d Dist. Seneca No. 13-11-14, 2011-Ohio-5740, ¶ 27; *State v. Potts*, 7th Dist. Harrison No. 07 HA 4, 2008–Ohio–643, ¶ 11; *State v. Tuemler,* 12th Dist. Warren No. CA2002-06-068, 2005-Ohio-1240, at ¶ 17.

**{¶25}** Consequently, the trial court was not restricted by the Rules of Evidence, including the prohibition on hearsay, in determining the amount of the restitution order. Additionally, as quoted, supra, R.C. 2929.18(A)(1) expressly permits the trial court to consider "estimates or receipts indicating the cost of repairing or replacing property, and other information" to be used in determining the amount of restitution owed by the offender.

**{¶26}** Appellant asserts Olvera had "so little understanding of the names of the parts of the car, she [was] completely incompetent and not credible to effectuate the admission of any car estimate, let alone the estimate which is hotly contested." Brief of Appellant at 8. Appellant adds:

Ms. Olvera was not sure what the repairs were for. Ms. Olvera could not identify the parts of the car, could not identify the parts in the pictures, stating she was not a car expert. Tr. 28-43. Ms. Olvera failed to

demonstrate that she even understood the repairs that needed to be done or the cost of any such repairs which was contrary to the whole reason for having a Restitution Hearing in the first place. *Id.*

**{¶27}** We disagree with Appellant's characterization of Olvera's testimony and find there was competent, credible evidence to support the trial court's calculation of restitution.

**{¶28}** As set forth in our Statement of the Case and Facts, supra, Olvera testified Appellant "keyed" her Honda Civic "from front bumper to end bumper all the way down." *Id.* at 24. Olvera acknowledged the vehicle had old damage, "scratches and stuff on the bumper," caused by her grandmother, but the old damage was easily distinguishable from the damage caused by Appellant. *Id.* The damage caused by Appellant was "a key mark going all the way across," starting "from the front end of the car and keyed the entire side to the bumper." *Id.* at 24-25. The mechanic, who prepared the estimate, explained to Olvera "since the scratch is deep enough that he would have to take off the entire left side panels, like, the doors, the bumpers and everything to fix it." *Id.* at 26. Olvera identified pictures of her vehicle which depicted the damage caused by Appellant.

**{¶29}** Defense counsel asked Olvera about the estimate for the front lamps, to which Olvera answered, "He probably, I'm guessing, needs to fix this, because he has to take my entire left side of my car apart to get the scratch out." *Id.* at 39. When defense counsel questioned Olvera as to why the estimate included the rear lamps and rear bumpers when she (Olvera) had already testified these areas were already damaged,

Olvera explained the damage caused by her grandmother was "towards the back, not where -- . . . – the scratch was." *Id.* at 40.

**{¶30}** Although Olvera had difficulty answering many of the questions asked by defense counsel on cross-examination, we find Olvera's testimony was clear and unwavering regarding the damage caused by Appellant and the estimate she obtained. When Olvera brought the vehicle to the auto body shop for an estimate, she "showed them only where the key marks were, and I told them that's what the Court wanted to know." *Id.* at 27. Olvera did not ask the mechanic to look for mechanical issues with the vehicle, adding she asked them to give her "a quote on the scratch…Only the scratch." *Id.* at 41.

**{¶31}** The estimate breaks down the work and labor times for each of the damaged components of Olvera's vehicle. The estimate also lists the work to be completed. Specifically, (1) "R & I"[1] the front bumper cover, the left front lamp assembly, the left front fender panel, the left front and rear door shells, the left rear lamp assembly, and the rear bumper; (2) repair the front bumper cover, the left fender panel, the left front and rear door shells, and the left quarter outer panel; and (3) paint the front bumper cover, the left fender panel, the left front and rear door shells, and the left quarter outer panel. The estimate includes an itemization of the costs for body labor ($590.00), paint labor ($765.00), paint supplies ($489.60), and other parts ($10.00).

**{¶32}** Based upon the foregoing, we find the trial court's order of restitution is supported by competent and credible evidence. Furthermore, we find the trial court did

---

[1] The abbreviation "R & I" is not explained on the estimate or through testimony. Olvera testified the mechanic informed her he would have to "take my entire left side of my car apart to get the scratch out." Based upon this testimony, we interpret "R & I" to mean "remove and install."

not abuse its discretion as the order of restitution bears a reasonable relationship to the actual loss suffered by Olvera.

**{¶33}** Appellant's second assignment of error is overruled.

III

**{¶34}** In his third assignment of error, Appellant submits the trial court committed plain error by repeatedly referring to "economic harm" rather than "economic loss" when stating its rationale for not allowing defense counsel to question Olvera about her economic loss. Appellant avers the trial court "repeatedly and erroneously referenced 'economic harm' when referring to the restitution in question." Brief of Appellant at 9.

**{¶35}** The trial court's reference to "economic harm" purportedly occurred during the October 30, 2020 hearing. On October 30, 2020, the trial court called the case, adding, "We're here for sentencing, including a restitution hearing; is that correct?" Tr. of Oct. 30, 2020 Hearing at 21. Attorney Emma Mirles-Jones, counsel for Appellant, replied, "It is, Your Honor." *Id.* The prosecutor agreed. *Id.* Attorney Mirles-Jones then asked, "Your Honor, before we – I know you just went on the record, but I think we kind of wanted to ask you a question before you got on the record." *Id.* The trial court went off the record. There was no further recording of the October 30, 2020 hearing. Accordingly, we have no means to review any error which may or may not have occurred during that hearing. See, generally, *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384, 385 (1980).

**{¶36}** At the December 18, 2020 hearing, as Attorney Mirles-Jones argued against the admission of the estimate and the calculation of restitution, the following discussion occurred:

MS. MIRLES-JONES:  * * * if this was purely a cosmetic injury to the vehicle and it did not affect the car itself, then it's just the, you know, he wouldn't have to pay to have that repaired because it's purely cosmetic.  So the only loss would be a valuation.

THE COURT:  You are suggesting that economic harm does not include cosmetic damage to a motor vehicle?

MS. MIRLES-JONES:  Well, my argument is that it would lessen the valuation of the vehicle, the value of the dollar, because the Court did not let me testify – inquire from the witness as to the usability of the vehicle.

THE COURT:  It's irrelevant.

MS. MIRLES-JONES:  It is relevant.  It is part of economic loss.

THE COURT:  They're not arguing that it – they're not arguing it wasn't operable.  I don't have to consider –

MS. MIRLES-JONES:  Well, then – so how does fixing this cosmetic scratch in any way allow for this vehicle to be used or make any change to that?  The only loss that she's suffering is purely loss of valuation.

THE COURT:  Restitution is economic harm.  Economic harm includes cosmetic –

MS. MIRLES-JONES:  It's economic loss in the Ohio Revised Code, Your Honor

Tr. of December 18, 2020 Hearing at 56-58.

**{¶37}** While we find the trial court did, in fact, referred to "economic harm" during the December 18, 2020 hearing, we find such reference was inadvertent and any error resulting therefrom was harmless.   In its February 1, 2021 Judgment Entry, the trial court expressly stated:

> R.C. 2929.28(A)(1) allows a court to award restitution in an amount based on a victim's economic loss.   R.C. 2929.01)(K)[2] [sic] defines "economic loss" to be any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any loss of income due to lost time at work because of any injury caused to the victim, any property loss, medical cost, or funeral expense incurred as a result of the commission of the offense. "Economic loss" does not include non-economic loss or any punitive or exemplary damages.

**{¶38}** It is well-established a trial court speaks only through its journal entries. *Infinite Sec. Solutions, L.L.C. v. Karam Properties II, Ltd.*, 143 Ohio St.3d 346, 2015-Ohio-1101, ¶ 29.   Upon review of the record, we find the trial court based its restitution order upon Olvera's economic loss, not on economic harm.

**{¶39}** Within this assignment of error, Appellant also posits "Olvera or whoever is the appropriate victim is only owed the decrease in financial valuation of the vehicle based on a before and after calculation or 'good condition valuation' minus 'fair condition

---

[2] The actual subsection is (L).

valuation.'"  Brief of Appellant at 10.  Appellant asserts the trial court "conflates fair market value with cost to repair."

**{¶40}** R.C. 2929.28(A)(1) permits a trial court to order a defendant to pay restitution to the victim of a misdemeanor in an amount based upon the victim's economic loss.  "Economic loss" can be ascertained from "an amount recommended by the victim, the offender, a presentence investigation report, *estimates or receipts indicating the cost of repairing or replacing property.*" R.C. 2929.28(A)(1) (Emphasis added).

**{¶41}** Appellant argues Olvera will receive an economic windfall because the cost to repair the vehicle exceeds its fair market value.   We note, although given the opportunity, Appellant did not present any evidence at the hearing which established the fair market value of Olvera's car either before or after he damaged it.   Accordingly, we find the trial court did not abuse its discretion in using the estimate of the cost of repairing the vehicle to ascertain economic loss.

**{¶42}** Appellant's third assignment of error is overruled.

IV

**{¶43}** In his final assignment of error, Appellant claims his due process rights were violated because the trial court sentenced him to pay restitution before ruling on pending written objections.  We disagree.

**{¶44}** In its February 1, 2021 Judgment Entry on Restitution, the trial court found, "Ms. Olvera's testimony to be credible.  The Court admits the estimate into evidence.  The Court find the estimate to be fair and credible." *Id.* at 2, unpaginated.   This language effectively overruled Appellant's pending objections to the estimate, Olvera's testimony in its entirety, and Olvera's alleged hearsay testimony. To the extent the February 1, 2021

Judgment Entry on Restitution did not expressly address any other pending objection, we find such were implicitly overruled by the entry of final judgment. "Ordinarily, any pending motions the trial court does not expressly rule on when it renders final judgment in a case will be deemed to have been implicitly overruled." *Am. Business Mtge. Servs., Inc. v. Barclay,* 10th Dist. No. 04AP–68, 2004-Ohio-6725, 2004 WL 2896353, ¶ 8. See, also, *State v. Duncan*, 8th Dist. No. 97208, 2012-Ohio-3683, ¶ 4 (motions not ruled on when a trial court enters final judgment are considered denied); *State v. Ryerson*, 12th Dist. Butler No. CA2003-06-153, 2004-Ohio-3353, ¶ 55 (there is a "general rule that pretrial motions not ruled upon will ordinarily be presumed to have been overruled").

{¶45} Within this assignment of error, Appellant again argues Olvera and the state failed "to establish the amount of restitution to a reasonable degree of certainty" and such "should have negated the restitution order." This Court has found, supra, the trial court did not abuse its discretion in ordering Appellant to pay restitution. We have further found, supra, no error in the amount of the restitution order or the manner in which the trial court arrived at the figure. Accordingly, we will not address these arguments further.

{¶46} Appellant's fourth assignment of error is overruled.

{¶47} The judgment of the Delaware Municipal Court is affirmed.

By: Hoffman, J.

Baldwin, P.J. and

Wise, Earle, J. concur