[Cite as *State v. Kettering*, 2025-Ohio-54.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case No. 24COA027 |
| | : | |
| KIMBERLY KETTERING | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Ashland County Municipal Court, Case No. 16-CRB-01132

JUDGMENT:      AFFIRMED

DATE OF JUDGMENT ENTRY:      January 9, 2025

APPEARANCES:

For Plaintiff-Appellee Andrew Hyde:

GRANT MASON
121 N. MARKET STREET, SUITE 300
WOOSTER, OHIO 44691

For Defendant-Appellant:

ERIC S. MILLER
13 PARK AVENUE W., SUITE 608
MANSFIELD, OHIO 44902

*Delaney, P.J.*

{¶1} Appellant Kimberly Kettering appeals from the May 13, 2024 Judgment Order For Revivor of Judgment of the Ashland County Municipal Court. Appellee is Andrew Hyde ("Hyde"). The state of Ohio did not appear in this appeal.

## FACTS AND PROCEDURAL HISTORY

{¶2} On October 11, 2016, Appellant was charged in Ashland Municipal Court with one count of theft pursuant to R.C. 2913.02, a misdemeanor of the first degree. Appellant entered a negotiated plea of guilty to the charge and was sentenced on November 8, 2016, to 180 days in jail with 90 days suspended, and two years of probation. Appellant was ordered to pay restitution to the theft victim Hyde in the amount of $18,000 and to perform 200 hours of community service.

{¶3} Relevant to this appeal, on April 23, 2018, the trial court issued an Amended Judgment Entry of Certificate of Judgment of Restitution to Hyde in the amount of $17,995, pursuant to R.C. 2929.28(A)(1)(E). In the entry, Hyde is designated as a Judgment Creditor.

{¶4} On March 27, 2024, the Hyde filed a Motion to Revive Judgment of Restitution, seeking the remaining principal restitution balance owed by Appellant and statutory interest. Appellant did not object to the revivor of the judgment but objected to the granting of any interest, arguing Hyde was not entitled to interest on a criminal penalty.

{¶5} On May 13, 2024, the trial court issued a Judgment Order for Revivor of the Judgment and found Hyde was entitled to interest under R.C. 1343.03 commencing on the issuance of the Order but that no interest would accrue during the period of dormancy.

{¶6} It is from this judgment Appellant now appeals.

**ASSIGNMENTS OF ERROR**

{¶7} As an initial matter, Appellant failed to comply with App. R. 16(A)(3) by failing to set forth "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected". Instead, Appellant sets forth a statement of issues presented for review. Appellant's Brief, p. 5

{¶8} In the interest of justice, this Court will address the Assignment of Error as raised in Appellant's Reply Brief.

{¶9} "I. INTEREST CANNOT BE ACCRUED BY IMPLICATION ON A CRIMINAL SENTENCING ORDER OF RESTITITION. A COURT CANNOT EFFECTIVELY ADD AN ASSESSMENT OF INTEREST ONTO ITS EARLIER FINAL CRIMINAL SENTENCING ORDER THROUGH THE SUBSEQUENT USE OF ITS AUTHORITY UNDER OHIO REVISED CODE 2929.28(E)."

**ANALYSIS**

**I.**

{¶10} Appellant claims the trial court cannot add interest to a restitution order because it failed to do so in its criminal sentencing order of November 8, 2016. Appellant argues the trial court has effectively reconsidered and amended its final sentencing order in the criminal case under the guise of R.C. 1343.03 and in doing so exceeded the jurisdictional limit of municipal court in civil cases of $15,000. Appellant urges this Court to modify the May 13, 2024 revivor order to delete the collection of interest.

{¶11} Hyde, now designated as a judgment creditor, asserts the trial court had authority to award interest under R.C. 1343.03(A) because an order of restitution, as part

of a misdemeanor sentence, can be a civil judgment in favor of the victim who becomes a judgment creditor under R.C. 2929.28(E). We agree.

{¶12} R.C. 2929.23(A) authorizes a court imposing a sentence upon a misdemeanor offender to make restitution, as well as other financial sanctions such as court costs and fines. R.C. 2929.23 (E) provides, provides in relevant part:

{¶13} "A financial sanction of restitution imposed pursuant to division (A)(1) of this section is an order in favor of the victim of the offender's criminal act that can be collected through a certificate of judgment as described in division (E)(1) of this section, through execution as described in division (E)(2) of this section, or through an order as described in division (E)(3) of this section, and the offender shall be considered for purposes of the collection as the judgment debtor. Once the financial sanction is imposed as a judgment or order under this division, the victim * * * may do any of the following:

{¶14} "(1) Obtain from the clerk of the court in which the judgment was entered, at no charge, a certificate of judgment that shall be in the same manner and form as a certificate of judgment issued in a civil action;

{¶15} "(2) Obtain execution of the judgment or order through any available procedure, including any of the procedures identified in divisions (D)(1) and (2) of section 2929.18 of the Revised Code.

{¶16} "(3) Obtain an order for the assignment of wages of the judgment debtor

{¶17} Furthermore, R.C. 2929.281(E) states that where a restitution order is imposed and reduced to a certificate of judgment in favor of the victim under R.C. 2929.28(E), the person required to pay restitution under the order is the judgment debtor.

{¶18} These statutory provisions clearly provide a mechanism for a victim who is the subject of a restitution order to obtain a civil certificate of judgment and avail him/herself to civil remedies as provided by law, without having to file a separate civil action.

{¶19} Hyde further asserts judgment creditors under R.C. 2929.28(E) may also avail themselves to the right to interest on judgments under R.C. 1343.03(A).

{¶20} R.C. 1343.03 (A) provides, in relevant part: "[w]hen money becomes due and payable…upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or any other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code…".

{¶21} Applying the plain language of the statute, it appears a judgment creditor under R.C. 2929.28(E) would be entitled to seek interest on a certificate judgment similar to all other judgments. "If the meaning of the statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary." *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.,* 74 Ohio St.3d 543, 545, 600 N.E.2d 463 (1996).

{¶22} Furthermore, there does not appear to be any statutory authority or case law the would exempt a restitution judgment creditor from the interest provisions of R.C. 1343.03.

{¶23} While Appellant raises several policy and societal considerations against the imposition of interest on civil judgments arising from criminal proceedings, those arguments are best addressed by the legislature. This Court is bound to apply the plain language of the statutory provisions at issue.

{¶24} The sole assignment of error is overruled.

## CONCLUSION

{¶25} The judgment entry of the Ashland County Municipal Court is affirmed.


By:  Delaney, P.J.,

Gwin, J. and

Wise, J., concur.