[Cite as *State v. Green-Sarubbi*, 2025-Ohio-2112.]

# IN THE COURT OF APPEALS OF OHIO
# ELEVENTH APPELLATE DISTRICT
# LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br>CITY OF PAINESVILLE,<br><br>           Plaintiff-Appellee,<br><br>- vs -<br><br>LIONNIEL DAVEON GREEN-SARUBBI,<br><br>           Defendant-Appellant. | CASE NOS. 2024-L-095<br>2024-L-096<br><br>Criminal Appeals from the<br>Painesville Municipal Court<br><br><br>Trial Court Nos. 2024 TRC 03110 A<br>2024 TRC 03110 B |

## OPINION AND JUDGMENT ENTRY

Decided: June 16, 2025
Judgment: Reversed and remanded

*Joseph D. Hada*, Painesville City Prosecutor, 1392 SOM Center Road, Mayfield Heights, OH 44124 (For Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, 125 East Erie Street, Suite 50, Painesville, OH 44047, and *Paul J. Lubonovic*, Assistant Public Defender, 100 West Erie Street, Painesville, OH 44047 (For Defendant-Appellant).

SCOTT LYNCH, J.

{¶1} Defendant-appellant, Lionniel Green-Sarubbi, appeals the order of restitution entered against him in the Painesville Municipal Court. Because the amount of restitution ordered does not reflect what the court determined should be awarded, we reverse the judgment of the court below and remand for further proceedings.

{¶2} On October 21, 2024, Green pled guilty to physical control of a vehicle while under the influence, a misdemeanor of the first degree in violation of R.C. 4511.194, and was sentenced to 180 days in jail with 177 days suspended and fined $1,000 with $600

suspended plus court costs and restitution.

{¶3} On November 25, 2024, a restitution hearing was held. The victim testified that, following an incident with Green, his 2010 Chrysler Town and Country was "totaled." The estimated cost of repair was $8,900 and, since Green did not have insurance, the victim's insurance company declared the vehicle a total loss. The victim received $5,671.67 from insurance ($6,171.67 base value minus $500 for the deductible). The victim purchased the vehicle in 2023 for "11,9." He tried to find "a vehicle of the same year" but was unable to do so. Instead, he purchased a 2016 model with similar mileage for $15,992. The court awarded the victim $6,461.67 in restitution, representing "$5,671.67 for the non-dollars reimbursed to you from your insurance company, along with the tax that you paid on that vehicle of $790." The court explained its reasoning as follows: "Without any other greater pieces of evidence, some actuary explaining to me the similar vehicles [sic], the best I could do to put you back in a similar position is make sure that he pays for, in total, that original car. You got reimbursed from your insurance company for a portion of it. The remaining portion is what I instituted here as the restitution order."

{¶4} On December 27, 2024, Green filed Notices of Appeal (Municipal Court Case Nos. 24TRC3110 A and 24TRC3110 B). On appeal, he raises the following assignment of error:

> The trial court erred when it entered a restitution order in the amount of $6,461.67 against the defendant-appellant.

{¶5} "[T]he court imposing a sentence upon an offender for a misdemeanor, including a minor misdemeanor, may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section," including restitution. R.C. 2929.28(A)(1).

Case Nos. 2024-L-095, 2024-L-096

> The court shall determine the amount of restitution to be paid by the offender. The victim, victim's representative, victim's attorney, if applicable, the prosecutor or the prosecutor's designee, and the offender may provide information relevant to the determination of the amount of restitution. The amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.

*Id.* "'Economic loss' means any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense." R.C. 2929.01(L). Restitution orders in misdemeanor cases are reviewed under an abuse of discretion standard. *State v. Thames*, 2022-Ohio-1715, ¶ 34 (11th Dist.). It has been held that a trial court abuses its discretion when the amount of restitution ordered is not "supported by competent, credible evidence from which the court can discern the amount of restitution to a reasonable degree of certainty." (Citation omitted.) *State v. Palmer*, 2024-Ohio-1445, ¶ 17 (1st Dist.).

{¶6} Green's initial argument is that the municipal court misstated the standard by which economic loss is determined for the purposes of restitution. In the course of the restitution hearing, the court stated the purpose of restitution as "put[ting] the victim in the same position as he was prior to the incident" or "the same position as he was in previously." Green correctly observes that the court's "'prior position' approach to compensatory damages is not synonymous with economic loss as defined by the statute." Brief of Appellant at 6; *State v. Yerkey*, 2022-Ohio-4298, ¶ 18-19 (while acknowledging "the need for victims to be made whole," the "extent [to which] court-ordered restitution as part of a criminal case may be used to make a victim whole is a matter determined by statute and the Constitution," i.e., "[c]rime victims should receive restitution from those whose crimes have directly and proximately caused them to suffer economic loss or detriment").

{¶7} We do not find the municipal court's imprecise description of what

Case Nos. 2024-L-095, 2024-L-096

constitutes restitution for the purposes of criminal sentencing to be, per se, reversible error. Rather, we must consider the extent to which that amount of restitution ordered accurately reflects the economic detriment suffered by the victim as a direct and proximate result of Green's criminal conduct. *Agricultural Ins. Co. v. Constantine*, 144 Ohio St. 275, 284 (1944) ("[b]y repeated decisions of this court it is the definitely established law of this state that where the judgment is correct, a reviewing court is not authorized to reverse such judgment merely because erroneous reasons were assigned as the basis thereof").

{¶8}  Green further argues that it was error for the municipal court to use the purchase price of the vehicle as the base value for determining the amount of restitution. Green relies on a series of appellate decisions for the proposition that "when the cost to repair the vehicle exceeds its value, then the owner's damages are limited to the value of the vehicle immediately prior to the accident." *State v. Caldwell*, 2023-Ohio-355, ¶ 22 (4th Dist.); *State v. Moore*, 2023-Ohio-3318, ¶ 12 (1st Dist.).[1]  Applying the foregoing to the present case, Green maintains that the victim is only entitled to restitution in the amount of $500.00: "The only evidence in the record of the immediate pre-collision value was the insurance settlement of $6,171.67.  Because [the victim's] policy had a $500.00 deductible, the total cash he received for that value was $5,671.67.  This leaves $500.00 that [the victim] did not receive for the value of his vehicle."  Brief of Appellant at 10-11. As did the municipal court, we disagree.

{¶9}  While the amount of the insurance settlement is some evidence of the value of the Town and Country prior to the accident, it is not conclusive. *Ace Steel Baling, Inc.*

---

1.  Ironically, both *Caldwell* and *Moore* rely on the Supreme Court of Ohio's decision in *Falter v. Toledo*, 169 Ohio St. 238 (1959), a civil case which simply applied the general, common law rule regarding restitution rather than the statutory definition of "economic loss" otherwise insisted upon by Green.

Case Nos. 2024-L-095, 2024-L-096

*v. Porterfield*, 19 Ohio St.2d 137, 138 (1969) ("[t]he trier of facts always has the duty, in the first instance, to weigh the evidence presented and has the right to accept or reject it"). Here, the victim complained that it was in the insurance company's interest to minimize the value of the vehicle ("it was quite advantageous for them to (inaudible) in loss of a total vehicle than repair it"). The municipal court similarly expressed doubts about the reliability of the settlement as an indicator of actual value, based on "an entire career fighting insurance companies."

{¶10} The limited evidentiary record is also an important consideration when evaluating the restitution award. The municipal court frankly acknowledged that it was "hard to call" without "other greater pieces of evidence." The court addressed Green's counsel directly: "You don't have any evidence that the value of his vehicle was only $5,671.67 just after he recently purchased that vehicle within the year for $10,900 [sic]? He purchases a similar vehicle, although a different year, with similar mileage -- different year, six years off, about 2016 -- for $15,992. Do we have any evidence that that's not a reasonable amount?" Green did not present any evidence at the restitution hearing of the market value of the Town and Country at the time of the accident but relied instead on the amount of the insurance settlement to demonstrate market value.

{¶11} Although it is generally recognized that the party seeking restitution (whether the State or victim) has the burden of establishing the amount of restitution, that party is not obligated to present evidence that the cost of repair exceeds the market value of the vehicle at the time of the accident. Rather, that party's burden is satisfied by submitting evidence of the cost of repairs. If the defendant wishes to raise the claim that the cost of repairs exceeds market value, he bears the burden of proving it. *State v. Wood*, 2024-Ohio-4925, ¶ 21 (2d Dist.) ("if Wood sought to demonstrate that the cost of

Case Nos. 2024-L-095, 2024-L-096

repairs, as set forth [by] the State, exceeded the market value of the vehicle, Wood had the burden to demonstrate such, but she presented no evidence indicating that the market value of the car immediately before and after the accident was less than the rear end repair estimates"); *Caldwell*, 2023-Ohio-355, at ¶ 24 (4th Dist.) ("[a] court does not abuse its discretion in ordering restitution in the amount of a cost-to-repair estimate if there is no evidence showing that the value of the vehicle is less than the repair cost"); *State v. Hoy*, 2021-Ohio-4098, ¶ 41 (5th Dist.) ("Appellant did not present any evidence at the hearing which established the fair market value of Olvera's car either before or after he damaged it," accordingly, "the trial court did not abuse its discretion in using the estimate of the cost of repairing the vehicle to ascertain economic loss"); *see also State v. Gordon*, 2018-Ohio-3786, ¶ 7 (1st Dist.) (holding that the trial court did not abuse its discretion in finding the economic loss to the victim was the cost of repair despite evidence of the Kelley Blue Book trade-in value for a similar car model presented by the defendant).

{¶12} Based on the foregoing, it could be objected that the municipal court should have awarded restitution in the amount of the repair estimate, rather than the purchase price. In the present case, however, the Town and Country was declared a total loss and not repaired. Therefore, the estimated cost of repair was not an economic detriment actually suffered by the victim as a result of Green's commission of the offense. The municipal court's decision to use the purchase price of the vehicle in these circumstances was reasonable, particularly in light of the facts that the vehicle was purchased less than a year before the accident and the price of a replacement vehicle, newer but with similar mileage, greatly exceeded the amount of the insurance settlement. *State v. Montes*, 92 Ohio App.3d 539, 554 (8th Dist. 1993) (where the victim's vehicle was stolen within a year of its purchase, "restitution [in the amount of the purchase price] ordered by the trial court

Case Nos. 2024-L-095, 2024-L-096

bore a reasonable relationship to the losses suffered").

{¶13} While we find no error in the municipal court's intention to award restitution in the amount of the purchase price of the Town and Country minus the amount of the insurance settlement, we agree with Green that this was not the amount actually awarded as restitution. Rather, the court awarded the amount of the insurance settlement itself rather than the difference between the purchase price and the settlement. Moreover, as Green points out, it is uncertain exactly what the court considered the purchase price to be. The victim testified that it was "11,9" but the court repeatedly referred to the purchase price as "$10,900." Because the amount of restitution awarded was identical to the amount received for the insurance settlement, $6,461.67, we find that the amount of the award is not supported by competent and credible evidence and, therefore, reverse for the court to recalculate the amount of the award based on the evidence already presented at the restitution hearing.

{¶14} The sole assignment of error is with merit.

{¶15} For the foregoing reasons, the award of restitution ordered by the Painesville Municipal Court is reversed and this matter is remanded for further proceedings consistent with this opinion. Costs to be taxed against the appellee.

MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

Case Nos. 2024-L-095, 2024-L-096

# JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the assignment of error is with merit. The order of this court is that the judgment of the Painesville Municipal Court is reversed and this matter is remanded for further proceedings consistent with the Opinion.

Costs to be taxed against appellee.

---

JUDGE SCOTT LYNCH

---

JUDGE MATT LYNCH,
concurs

---

JUDGE JOHN J. EKLUND,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case Nos. 2024-L-095, 2024-L-096