[Cite as *State v. Green-Sarubbi*, 2026-Ohio-877.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br>CITY OF PAINESVILLE, | CASE NOS. 2025-L-108<br>2025-L-109 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeals from the<br>Painesville Municipal Court |
| LIONNIEL DAVEON GREEN-SARUBBI, | |
| | Trial Court Nos. 2024 TRC 03110 A<br>2024 TRC 03110 B |
| Defendant-Appellant. | |

## OPINION AND JUDGMENT ENTRY

Decided: March 16, 2026
Judgment: Affirmed in part, reversed in part, and remanded

*Joseph D. Hada*, Painesville City Prosecutor, 1392 SOM Center Road, Mayfield Heights, OH 44124 (For Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, and *Paul J. Lubonovic*, Assistant Public Defender, 100 West Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

SCOTT LYNCH, J.

{¶1} Defendant-appellant, Lionniel Green-Sarubbi, appeals the restitution order of the Painesville Municipal Court, finding, on remand, that the victim is entitled to restitution in the amount of $7,828.80. Because this court's mandate on remand did not contemplate holding a new evidentiary hearing, we reverse the order of restitution.

***Substantive and Procedural History***

{¶2} On June 30, 2024, Green was involved in a motor vehicle accident involving

another driver.  As a consequence, Green pled guilty to Physical Control of Vehicle while under the Influence and was ordered to pay restitution.

{¶3}   The restitution proceedings were described thus:

On November 25, 2024, a restitution hearing was held.  The victim testified that, following an incident with Green, his 2010 Chrysler Town and Country was "totaled."  The estimated cost of repair was $8,900 and, since Green did not have insurance, the victim's insurance company declared the vehicle a total loss.  The victim received $5,671.67 from insurance ($6,171.67 base value minus $500 for the deductible).  The victim purchased the vehicle in 2023 for "11,9." He tried to find "a vehicle of the same year" but was unable to do so.  Instead, he purchased a 2016 model with similar mileage for $15,992.  The court awarded the victim $6,461.67 in restitution, representing "$5,671.67 for the non-dollars reimbursed to you from your insurance company, along with the tax that you paid on that vehicle of $790."   The court explained its reasoning as follows: "Without any other greater pieces of evidence, some actuary explaining to me the similar vehicles [sic], the best I could do to put you back in a similar position is make sure that he pays for, in total, that original car.  You got reimbursed from your insurance company for a portion of it.  The remaining portion is what I instituted here as the restitution order."

*State v. Green-Sarubbi*, 2025-Ohio-2112, ¶ 3 (11th Dist.).

{¶4}   Green appealed the order of restitution, arguing "that it was error for the municipal court to use the purchase price of the vehicle as the base value for determining the amount of restitution."  *Id.* at ¶ 18.

{¶5}   This Court rejected Green's argument, finding no error in the municipal court's rationale for determining restitution.  We reversed the judgment, however, finding that the actual amount awarded was inconsistent with the formula:

While we find no error in the municipal court's intention to award restitution in the amount of the purchase price of the Town and Country minus the amount of the insurance settlement, we agree with Green that this was not the amount actually awarded as

Case Nos. 2025-L-108, 2025-L-109

restitution. Rather, the court awarded the amount of the insurance settlement itself rather than the difference between the purchase price and the settlement. Moreover, as Green points out, it is uncertain exactly what the court considered the purchase price to be. The victim testified that it was "11,9" but the court repeatedly referred to the purchase price as "$10,900." Because the amount of restitution awarded was identical to the amount received for the insurance settlement, $6,461.67, we find that the amount of the award is not supported by competent and credible evidence and, therefore, ***reverse for the court to recalculate the amount of the award based on the evidence already presented at the restitution hearing***.

(Emphasis added.) *Id.* at ¶ 13.

{¶6} On remand, on July 10, 2025, the municipal court held a new evidentiary hearing and recalculated the amount of restitution using a new rationale based on the new evidence presented at the hearing. Based on the July 2025 hearing, the court found the following:

1. On November 21, 2023, Victim purchased a 2010 Chrysler Town and Country for $10,900 with additional sale tax of $790.25. The mileage at the time of purchase was 69,625.

2. On June 30, 2024, the Defendant caused a loss of the vehicle. The mileage was 87,878.

3. The Victim's insurance company asserted to fix said vehicle would cost $8,900.00.

4. The Defendant was uninsured.

5. Victim paid $1,394.47 for a rental vehicle. Victim's insurance company paid an additional $440 in rental expenses.

6. Victim's insurance company paid Victim $5,671.67 for the vehicle plus $174.44 in sales tax reimbursement for a total of $5,846.11.

7. Victim could not find another 2010 Chrysler Town and County but was able to purchase a 2106 Chrysler Town and County for $13,500

Case Nos. 2025-L-108, 2025-L-109

to replace the destroyed 2010 vehicle with an additional sale[s] tax of $1,119.44 for a total of $14,619.44. Vehicle mileage was 73,540.

8. Court takes judicial notice that there was much volatility in the used car market during the times these facts occurred. In the wake of COVID-19 pandemic there were supply chain problems for new vehicles and semiconductor shortages. The used car market value index was driven upward as there was little inventory of new vehicles. The Court in its civil docket heard numerous pieces of evidence regarding the events in the used car market.

9. Victim's mileage at the time of loss was 87,878, and the 2016 Chrysler Town and County was 73,540 a difference of 14,338 miles that must be credited to the Defendant as Victim is entitled to only receive direct and proximate economic loss.

10. The Court finds the replacement vehicle because of the mileage difference has an additional value of 16% or $[2,]339 in value.

11. The Defendant shall make restitution to the Victim as follows:

$14,619.44   (2016 Chrysler Town and County $13,500 + $1119.44)
-$5,846.11   (Amount paid to Victim by auto insurance $5,671.67 + tax $174.44)
-$2,339.00   (Mileage difference between the 2016 vehicle 2010 vehicle is 14,338; which is 16%. 14,619.44 x 16% = $2,339)
+$1,394.47   (Victim's out of pocket rental car expense)
**$7,828.80**   **(Total Restitution)**

Accordingly, the court ordered the clerk to "journalize a judgment in favor of [the victim] … for **$7,828.80** at 8% annum from November 25, 2024 and the cost of collection."

{¶7} On September 2, 2025, Green filed Notices of Appeal (Municipal Court Case Nos. TRC2403110A and TRC2403110B).

***Assignments of Error***

{¶8} On appeal, Green raises the following assignment of error: "The trial court abused its discretion when it entered a restitution order that was contrary to law in the amount of $7,828.80 with a post-judgment interest rate of 8% per annum."

Case Nos. 2025-L-108, 2025-L-109

{¶9} Green makes two arguments under the sole assignment of error. First, he argues that the municipal court did not comply with this Court's mandate after the prior appeal. Second, he argues that the municipal court lacked authority to order postjudgment interest as part of a criminal restitution order.

**Standard of Review**

{¶10} The standard of review for both of Green's arguments is *de novo*. *State v. Logan*, 2025-Ohio-1772, ¶ 8, 18 (whether a court may impose a particular sentence is a question of statutory interpretation and reviewed *de novo*); *Phoenix Lighting Group, L.L.C. v. Genlyte Thomas Group, L.L.C.*, 2024-Ohio-5729, ¶ 20 (whether a lower court has followed the appellate court's mandate is jurisdictional issue reviewed *de novo*).

**Whether the Municipal Court followed the Mandate on Remand from the Prior Appeal**

{¶11} The Supreme Court of Ohio has explained the scope of an appellate court's mandate as follows:

> A trial court's jurisdiction over a matter is limited once proceedings are complete. *See State ex rel. Davis v. Janas*, 2020-Ohio-1462, ¶ 11. When a judgment is reversed or affirmed on appeal, however, the appellate court will issue a special mandate to the trial court for execution or for further proceedings. R.C. 2505.39. The trial court is bound by that appellate court's mandate. *Nolan v. Nolan*, 11 Ohio St.3d 1, syllabus (1984) ("Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case."); *see Transamerica* [*Ins. Co. v. Nolan*, 72 Ohio St.3d 320,] at 323-324 (trial court was obligated to comply with the court of appeals' mandate to enter judgment for the insurers and the trial court's failure to immediately comply with the mandate did not keep the case alive to allow for further arguments based on subsequent decisions by the Ohio Supreme Court); *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895) ("When a case has been once decided by this court on appeal, and remanded to the

circuit court, whatever was before this court, and disposed of by its decree, is considered as finally settled. The circuit court is bound by the decree as the law of the case, and must carry it into execution according to the mandate."). A trial court is without authority to extend or vary the mandate given. *Nolan* at 4; *Giancola v. Azem*, 2018-Ohio-1694, ¶ 16. And the trial court generally loses jurisdiction to modify its judgment once that judgment has been affirmed on appeal. *See Davis* at ¶ 11.

*Genlyte* at ¶ 20.

{¶12} In the prior appeal of this case, this Court approved the municipal court's rationale for awarding restitution based on the purchase price of the vehicle but reversed for the court to determine the amount of restitution "based on the evidence already presented at the restitution hearing." *Green-Sarubbi*, 2025-Ohio-2112, at ¶ 13 (11th Dist.). By holding a new evidentiary hearing and adopting a new rationale for determining restitution the municipal court exceeded the scope of this Court's mandate. Accordingly, the new order of restitution must be vacated. *Allen v. Bennett*, 2008-Ohio-4554, ¶ 10 (9th Dist.) ("the trial court exceeded the scope of this Court's mandate by conducting an additional evidentiary hearing," rather it should have made a "determination … based on the record before the trial court at the time of our remand").

{¶13} In the original restitution order, it was uncertain whether the municipal court considered the purchase price of the 2010 Town and Country was $10,900 or $11,900. On remand, the court made a definitive finding that the purchase price was $10,900.

{¶14} From the $10,900 purchase price, the municipal court was to deduct the reimbursement paid to the victim by insurance. At the 2024 restitution hearing, the court determined the reimbursement to be $5,671.67, the same amount the court determined

Case Nos. 2025-L-108, 2025-L-109

that insurance paid at the 2025 restitution hearing.[1]  Deducting the reimbursement of $5,671.67 from the purchase price of $10,900 results in a difference of $5,228.33.  This is the amount to which the victim is entitled according to this Court's mandate on remand.

***Whether the Victim is Entitled to Postjudgment Interest***

{¶15}  In its restitution order, the municipal court noted that the victim was entitled to "8% annum from November 25, 2024," presumably referring to postjudgment interest.  Green argues that postjudgment interest exceeds the scope of the mandate on remand and that there is no basis in law to impose postjudgment interest on a criminal restitution order.  Misdemeanor restitution must be based on "the victim's economic loss," which does not encompass postjudgment interest.  R.C. 2929.28(A)(1).  Brief of Appellant at 14.  We reject both contentions.

{¶16}  Postjudgment interest is statutorily provided for as follows:

> [W]hen money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract.

R.C. 1343.03(A).

---

1. At the 2024 hearing, the court determined the total reimbursement received by the victim to be $6,461.67, representing "$5,671.67 for the non-dollars reimbursed to you from your insurance company, along with the tax that you paid on that vehicle of $790."  *Id.* at ¶ 3.  It was unclear whether this $790 was a reimbursed expense.  At the 2025 hearing, the court clarified that the victim paid tax in the amount of $790.25 and made the additional finding that insurance only reimbursed him $174.44 for the tax payment.  Inasmuch as the insurance company is not entitled to credit for the $790 tax paid by the victim and the finding that insurance paid $174.44 was not made at the 2024 hearing, we omit any consideration of the tax in the calculation of restitution.

Case Nos. 2025-L-108, 2025-L-109

{¶17} The municipal court's "award" of postjudgment interest did not exceed the scope of the mandate on remand. Rather, "Ohio case law has consistently recognized that R.C. 1343.03(A) bestows a right to postjudgment interest 'automatically … as a matter of law.'" (Citation omitted.) *Judy v. Ohio Bur. of Motor Vehicles*, 2003-Ohio-5277, ¶ 32; *State ex rel. Shimola v. Cleveland*, 1994-Ohio-243, ¶ 6; *Crutcher v. Oncology/Hematology Care, Inc.*, 2022-Ohio-4105, ¶ 48 (1st Dist.) ("[p]ostjudgment interest is simply operative by statute"). Accordingly, it was not necessary for this court to sanction an award of postjudgment interest on remand or even for the victim to request it or the court to expressly award it. "Post-judgment interest is required to be paid even if the party entitled thereto fails to request it or the trial court's entry awarding judgment fails to order a losing party's duty to pay it." (Citation omitted.) *Tabbaa v. Koglman*, 2005-Ohio-1498, ¶ 38 (8th Dist.); *Buchenroth v. Adkins*, 2014-Ohio-257, ¶ 10 (3d Dist.) (R.C. 1343.03(A) "automatically bestows a right to statutory interest as a matter of law on a judgment, and does not leave any discretion to the trial court to deny such interest").

{¶18} The question becomes, then, whether R.C. 1343.03(A) applies to an order of restitution pursuant to R.C. 2929.28(A)(1).

{¶19} This question was indirectly addressed by the Fifth Appellate District in *State v. Kettering*, 2025-Ohio-54 (5th Dist.), which concluded that postjudgment interest does apply to a criminal restitution order. In *Kettering*, the appellant argued that a trial court cannot add postjudgment interest to a restitution order if it failed to do so in its sentencing entry. *Id.* at ¶ 10. The appellee (victim), "assert[ed] that the trial court had authority to award interest under R.C. 1343.03(A) because an order of restitution, as part

of a misdemeanor sentence, can be a civil judgment in favor of the victim who becomes a judgment creditor under R.C. 2929.28(E)." *Id.* at ¶ 11.

{¶20} The court of appeals agreed with the appellee, noting that "[a] financial sanction of restitution … is an order in favor of the victim of the offender's criminal act that can be collected through a certificate of judgment …, and the offender shall be considered for purposes of the collection as the judgment debtor." R.C. 2929.28(E). "[A] certificate of judgment shall be in the same manner and form as a certificate of judgment issued in a civil action," on which execution may be obtained "through any available procedure." R.C. 2929.28(E)(1) and (2). The court found that "[t]hese statutory provisions clearly provide a mechanism for a victim who is the subject of a restitution order to obtain a civil certificate of judgment and avail him/her self to civil remedies as provided by law, without having to file a separate civil action." *Kettering* at ¶ 18.

{¶21} The court of appeals further considered R.C. 1343.03(A) as quoted above: "when money becomes due and payable … upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code." The court concluded: "Applying the plain language of the statute, it appears a judgment creditor under R.C. 2929.28(E) would be entitled to seek interest on a certificate judgment similar to all other judgments." *Id.* at ¶ 21.

{¶22} Although we conclude that postjudgment interest applies to an order of criminal restitution, we decline to follow the reasoning of *Kettering*. The court in *Kettering*

Case Nos. 2025-L-108, 2025-L-109

treated the order of restitution as a "civil judgment" once the civil certificate of judgment issued. However, the Supreme Court of Ohio has been fairly clear that an order of restitution is an "attendant criminal sanction" and not a civil judgment. (Citation omitted.) *State v. T.W.C.*, 2025-Ohio-2890, ¶ 12. We see no reason why restitution would lose its character as a criminal sanction merely because it may be executed upon in the manner of a civil judgment. Moreover, the court in *Kettering* did not consider that postjudgment interest would apply when the sentencing entry is issued, not when the certificate of judgment is obtained.

{¶23} Green argues that *Kettering* failed to address the more fundamental issue of whether R.C. 1343.03(A) applies to criminal restitution. The statute applies to the "orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction." Green maintains that this language should be interpreted to limit the applicability of postjudgment interest to civil actions: "Generally, a catch-all term like 'any other transaction' encompasses 'only things of a similar character as those comprehended by the preceding terms." Brief of Appellant at 17-18, quoting *Fraley v. Estate of Oeding*, 2014-Ohio-452, ¶ 23; *Stiner v. Amazon.com, Inc.*, 2020-Ohio-4632, ¶ 15. Since "torts and contracts are the types of civil action, … 'any other transaction' should be read to only include other types of civil actions and not encompass criminal cases." Brief of Appellant at 18. We disagree.

{¶24} The Supreme Court of Ohio considered the phrase "any other transaction" in *State ex rel. Bowman v. Columbiana Cty. Bd. of Commrs.*, 1997-Ohio-265. The court acknowledged that "[t]he phrase 'other transaction' is not defined by statute," and,

therefore, like other undefined words used in a statute, "must be accorded their usual, normal, or customary meaning." *Id.* at ¶ 10. The court adopted the Black's Law Dictionary definition of "transaction": "[a]n act, agreement, or several acts or agreements between or among parties whereby a cause of action or alteration of legal rights occur[s]." (Citation omitted.) *Id.*

{¶25} *Bowman* was a statutory claim against a governmental agency to recover fees and expenses following the abandonment of appropriation proceedings. *Id.* at ¶ 1. The supreme court applied the definition of "transaction" to the facts before it thus:

> In this case, several acts have occurred between the parties. Respondents initiated appropriation proceedings against relators and subsequently abandoned the proceedings. These acts created a cause of action under R.C. 163.21(A)(2) for relators to request fees and expenses they incurred in the appropriation proceedings. Therefore, the December 1994 judgment for $43,235.26 in fees and expenses constituted a judgment for money arising out of an "other transaction."

*Id.* at ¶ 11.

{¶26} Nothing in the Black's Law Dictionary definition of "transaction" or the supreme court's application of the term in *Bowman* supports Green's claim that R.C. 1343.03(A) is limited to types of civil actions properly speaking. *Compare Pittsburgh, C. & T. R. Co. v. Tod*, 72 Ohio St. 156, 166 (1905) ("[a] appropriation proceeding is not a civil action, but a special proceeding"). Green's act of destroying the victim's vehicle in the present case was just as much a transaction resulting in a cause of action as was the county commissioner's act of initiating appropriation proceedings in *Bowman*. We find no justification for departing from the usual, normal, or customary meaning of "transaction" in the context of a criminal prosecution.

Case Nos. 2025-L-108, 2025-L-109

{¶27} Moreover, the language of the interest on judgments statute applies specifically to "orders … for the payment of money arising out of tortious conduct," which encompasses Green's conduct.  Green argues that, while "[c]riminal conduct will often also constitute conduct that is 'tortious[,]' … a criminal action is not an action in tort."  Brief of Appellant at 17.  This is true.  The statute, however, speaks of a judgment arising out of "tortious conduct," not simply "an action in tort."  Accordingly, we find that the municipal court's order of restitution was subject to R.C. 1343.03(A).

{¶28} The sole assignment of error is without merit.

{¶29} For the foregoing reasons, the restitution order is reversed with respect to the amount of restitution and affirmed with respect to postjudgment interest.  This matter is remanded for the municipal court to enter an amount of restitution consistent with this Opinion.  Costs to be taxed between the parties equally.


MATT LYNCH, P.J.,

JOHN J. EKLUND, J.,

concur.

Case Nos. 2025-L-108, 2025-L-109

# JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the assignment of error is with merit to the extent indicated in the Opinion.  The order of this court is that the judgment of the Painesville Municipal Court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this Opinion.

Costs to be taxed between the parties equally.

_____
JUDGE SCOTT LYNCH


_____
PRESIDING JUDGE MATT LYNCH,
concurs


_____
JUDGE JOHN J. EKLUND,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case Nos. 2025-L-108, 2025-L-109